IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARK T.,[1] )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>KILOLO KIJAKAZI, Acting )<br>Commissioner of Social Security, )<br>)<br>    Defendant. )<br>) | No. 22 C 302<br><br>Magistrate Judge<br>Maria Valdez |

**MEMORANDUM OPINION AND ORDER**

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Mark T.'s claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion to remand [Doc. No. 13] is denied, and the Commissioner's cross-motion for summary judgment [Doc. No. 14] is granted.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

# BACKGROUND

## I. PROCEDURAL HISTORY

On April 23, 2019, Plaintiff filed a claim for DIB, alleging disability since January 1, 2015. The claim was denied initially and upon reconsideration, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"). A telephonic hearing was held on March 2, 2021, and all participants attended the hearing by telephone. Plaintiff appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified. In Plaintiff's prehearing brief, he amended the alleged onset date to December 25, 2016.

On April 28, 2021, the ALJ denied Plaintiff's claim for benefits, finding him not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff did not engage in substantial gainful activity during the period from his amended alleged onset date of December 25, 2016 through his date last insured of December 31, 2019. At step two, the ALJ concluded that Plaintiff had the following severe impairments:

2

degenerative disc disease of the lumbar spine; degenerative disc disease of the cervical spine with radiculopathy; right shoulder degenerative joint disease with partial tendon tear; right knee meniscus tear status post meniscectomy; migraines/headaches; and obesity. The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that, through the date last insured, Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following additional limitations: could occasionally climb ladders, ropes, or scaffolds and balance; could frequently climb ramps and stairs, as well as frequently stoop, kneel, crouch, and crawl; and could tolerate occasional exposure to unprotected heights, dangerous heavy moving machinery, vibration, and pulmonary irritants. At step four, the ALJ concluded that, through the date last insured, Plaintiff was capable of performing his past relevant work as an import agent, leading to a finding that he was not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is

disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II.  JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v.*

*Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate

5

the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ failed to adequately account for Plaintiff's limitations in concentration, persistence, and pace; and (2) the ALJ failed to properly consider Plaintiff's subjective symptoms. Each argument will be addressed below in turn.

#### A. Concentration, Persistence, or Pace

For his first argument, Plaintiff contends that the ALJ did not "properly support[] her finding that [Plaintiff] has no limitation in CPP," *i.e.*, concentration, persistence, or pace. (Pl.'s Br. at 10.) In support of her finding that Plaintiff had no limitation in that functional area, the ALJ noted that a consultative examination

6

revealed concentration and attention within normal limits and that Plaintiff was able to stay on task despite a tendency towards poorly focused responses. (R. 18.) And, crucially, in finding Plaintiff's mental impairments to be nonsevere, the ALJ found the opinions of the State agency psychological consultants to be persuasive and reasoned that "[b]oth consultants opined that the claimant had only a mild limitation in the area of understand[ing], remember[ing], or apply[ing] information, with no limitation in the other areas of functioning." (*Id.* at 19.)

With respect to mental impairments, an ALJ is "entitled to rely on [the opinions of] reviewing state agency consultants, given that they are experts in Social Security disability evaluation." *Rodolfo M. v. Kijakazi*, No. 21 C 5565, 2023 WL 264913, at *7 (N.D. Ill. Jan. 18, 2023). So, the ALJ did not err here in relying on the opinions of two State agency consultants to support her determination that Plaintiff had no limitation in concentration, persistence, or pace. *See Michelle M. L. v. Kijakazi*, No. 20 C 6793, 2022 WL 3297619, at *8 (N.D. Ill. Aug. 11, 2022) ("In assessing Michelle's mental impairments, the ALJ also permissibly relied on the state agency psychological consultants – who review Michell's record and found that her mental impairments caused a mild limitation in each of the four areas of mental functioning and were non-severe."); *Roque v. Colvin*, No. 15 C 392, 2016 WL 1161292, at *3 (N.D. Ill. Mar. 22, 2016) ("The ALJ reasonably relied on [the state agency psychologist's] opinion in assessing Roque's mental RFC."). Given the ALJ's explicit reliance on the State agency psychological consultants, Plaintiff's contention that the ALJ was "playing doctor" is puzzling. The conclusions of the State agency

consultants provide the substantial evidence necessary to support the ALJ's finding as to concentration, persistence, or pace. *See Elizabeth A. D. v. Saul*, No. 19 C 6024, 2021 WL 148831, at *5 (N.D. Ill. Jan. 15, 2021) (with respect to claimant's mental impairments "the ALJ reasonably relied upon the opinions of the reviewing and examining state agency psychological consultants and they provide substantial evidence necessary to support the ALJ's finding").

Plaintiff also argues that the ALJ did not properly consider certain aspects of the reports of Drs. Jurgen Kiefer and John Brauer as they relate to Plaintiff's asserted limitations with concentration, persistence, or pace. However, the ALJ evaluated the supportability and consistency of Dr. Kiefer's opinions and reasonably found them to be unpersuasive. (R. 29.) *See* 20 C.F.R. § 404.1520c(b)(2). As for Dr. Brauer, Defendant correctly points out that the examination findings Plaintiff references do not constitute medical opinions, as they are not "statement[s] from a medical source about what [a claimant] can still do despite [his] impairment(s) and whether [the claimant has] one or more impairment-related limitations or restrictions." 20 C.F.R. § 404.1513(a)(2). Indeed, Plaintiff concedes that "[i]t is true that Dr. Brauer's evaluation does not provide an opinion regarding what [Plaintiff] can still do despite his impairments." (Pl.'s Reply at 4.) As such, Plaintiff's argument concerning the ALJ's treatment of Dr. Brauer's notations is ultimately unconvincing. *See Sara E. v. Kijakazi*, No. 20 C 03895, 2022 WL 4182404, at *4 (N.D. Ill. Sept. 13, 2022) ("[T]his statement is not a 'medical opinion' that the ALJ

8

was required to evaluate under the operative regulations. . . . The identified note contains only symptoms and diagnoses.") (citations omitted).

Lastly, Plaintiff argues that the ALJ's hypotheticals to the VE were flawed because they did not account for Plaintiff's alleged mental limitations. However, the ALJ found that Plaintiff had only a mild limitation in understanding, remembering, or applying information and no limitations in the three other functional areas. (R. 17-19.) As Defendant correctly points out, the ALJ's hypothetical questions to the VE were not erroneous in that they accurately reflected the ALJ's RFC finding. In advancing his argument with respect to hypotheticals, Plaintiff concludes that Plaintiff "is unable to maintain the focus required to perform skilled work." (Pl.'s Br. at 12.) However, this Court will not reweigh the evidence and has already found that the ALJ adequately supported her determination that Plaintiff has no limitation with respect to concentration, persistence, or pace.

### B.   The ALJ's Credibility Determination

Plaintiff's second argument boils down to an assertion that the ALJ did not properly evaluate Plaintiff's alleged symptoms. With respect to Plaintiff's subjective symptoms, the ALJ detailed Plaintiff's testimony and allegations at length. (R. 21-22.) However, the ALJ found that Plaintiff's statements were "not entirely consistent with the medical evidence and other evidence in the record." (*Id.* at 22.) More specifically, the ALJ explained that "despite consistent reports of pain throughout the relevant period and beyond, as noted, neurological testing did not reflect particular deviations from normal in terms of strength, sensation, reflexes,

9

or gait." (*Id.* at 27.) With respect to Plaintiff's reported headaches and dizziness, the ALJ acknowledged that those symptoms could have increased but reasoned that Plaintiff's allegations were undercut because the symptoms went back 20 years and Plaintiff had engaged in substantial gainful activity for most of that time. (*Id.*) The ALJ further noted that "the record tend[s] to reflect normal psychiatric examinations well into 2020" which suggested that Plaintiff's headaches and dizziness did not inhibit "his ability to perform mental work tasks on a regular and continuing basis." (*Id.*)

The ALJ concluded as follows with respect to Plaintiff's subjective symptoms:

> [T]he undersigned is not finding that the claimant is without the alleged symptoms that are so persistent throughout the record. However, the overall record, including statements, objective testing, treatment courses, and medical provider statements do not, together, reflect the level of functioning is more reduced than as assessed here, as even psychiatric and psychological testing remained generally normal despite ongoing symptoms that included pain and lethargy.

(*Id.* at 28.)

This Court gives "the ALJ's credibility finding special deference and will overturn it only if it is patently wrong." *Summers v. Berryhill*, 864 F.3d 523, 528 (7th Cir. 2017) (internal quotations and citation omitted). "[P]atently wrong . . . means that the decision lacks any explanation or support." *Murphy v. Colvin*, 759 F.3d 811, 816 (7th Cir. 2014) (citation omitted). Under that standard, the Court finds that, per the ALJ's explanations outlined above, the ALJ reasonably determined that Plaintiff's subjective symptoms were not fully corroborated. *See Atkins v. Saul*, 814 F. App'x 150, 155 (7th Cir. 2020) ("Here, the ALJ otherwise explained his conclusion adequately. He explained that the objective medical

evidence and Atkins's daily activities did not corroborate his subjective symptoms.") (citations and internal quotations omitted); *Ray v. Saul*, 861 F. App'x 102, 107 (7th Cir. 2021) ("Because the ALJ's weighing of [claimant's] reported symptoms in the context of the whole record is supported by substantial evidence, we find no reversible error on this front either."); *Schrank v. Saul*, 843 F. App'x 786, 789 (7th Cir. 2021) ("[T]he ALJ's credibility determination was not 'patently wrong,' because she found [claimant] not credible for several reasons that were adequately supported by the record.") (citation omitted); *cf. Lacher v. Saul*, 830 F. App'x 476, 478 (7th Cir. 2020) ("The ALJ's rationale here was thin, but it was adequate to reflect her conclusion that the objective medical evidence and Lacher's daily activities did not corroborate his subjective symptoms.").

In advancing his argument concerning the ALJ's credibility determination, Plaintiff primarily contends that "the ALJ applied meaningless boilerplate language which, by itself, is insufficient to sustain a credibility finding." (Pl.'s Br. at 13.) Plaintiff's argument in that regard is puzzling because, as detailed above, the ALJ went well beyond boilerplate language and provided numerous explicit reasons to support her determination that Plaintiff's subjective symptoms were not entirely credible. Ultimately, the Court agrees with Defendant that the ALJ here provided specific reasons supported by substantial evidence for concluding that Plaintiff's assertions about the severity of his symptoms and limitations were not entirely reliable, and, as such, the ALJ's credibility finding is entitled to deference.

11

## **CONCLUSION**

For the foregoing reasons, the points of error raised by Plaintiff are not well taken. Accordingly, Plaintiff's motion to remand [Doc. No. 13] is denied, and the Commissioner's cross-motion for summary judgment [Doc. No. 14] is granted.

**SO ORDERED.**                    **ENTERED:**

**DATE:     March 1, 2023**         _____
                                    **HON. MARIA VALDEZ**
                                    **United States Magistrate Judge**